**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cemaludin Veseli, II,<br><br>Petitioner,<br><br>v.<br><br>Carla Hacker-Agnew, et al.,<br><br>Respondents. | No. CV-18-08029-PCT-JAT<br><br>**ORDER** |

Pending before this Court is a Report and Recommendation from the Magistrate Judge to whom this case was assigned recommending that the Petition in this case be denied. The R&R recounted the procedural history of this case (Doc. 10 at 1-2). As is relevant to this Order:

> In February 2015, Petitioner filed a Notice of Post-Conviction Relief ("PCR"). (Bates No. 461-63). The trial court appointed PCR counsel, who could not find a colorable claim for relief. (Bates No. 472). The trial court set September 28, 2015 as the deadline for Petitioner to file a pro se PCR Petition. (Bates No. 474). Petitioner did not file a PCR Petition.

(Doc. 10 at 2).

With respect to the statute of limitations issue, the R&R states:

> Here, Respondents state that Petitioner's first PCR Notice "tolled AEDPA's 1-year limitation period until the conclusion of the PCR proceeding." [footnote omitted] (Doc. 8 at 6). Respondents correctly recount that Petitioner failed to file a pro se PCR Petition by the September 28, 2015 deadline. (*Id*.). Yet the record does not reflect that the trial court issued an order dismissing the PCR proceeding. Respondents have not cited any state rule or case law providing that a PCR proceeding is automatically concluded if a defendant fails to file a PCR Petition by the applicable deadline.

(Doc. 10 at 3).

The Court has reviewed Respondents' answer to the Petition for Writ of Habeas Corpus in this case including Respondents' argument that the Petition is barred by the statute of limitations. (Doc. 8 at 5-7). The R&R does not reach this argument. (Doc. 10 at 3). Instead the R&R concludes that the claims in the Petition are procedurally defaulted without excuse. (*Id*.) ("The issue need not be decided, however, as the following discussion explains that Petitioner's habeas claims are procedurally defaulted without excuse.")

This Court is concerned, however, with whether this Court must determine whether Petitioner's first post-conviction relief petition is still pending in the state court to determine not only the statute of limitations issue, but also whether the Petition currently pending before this Court is a mixed petition that must be dismissed. *See Rose v. Lundy,* 455 U.S. 509 (1982) ("[W]e hold that a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court."). Specifically, the Court is concerned that the theories of ineffective assistance of counsel in claim one are unexhausted, but could still be exhausted in a "pending" first post-conviction relief petition. However, the issue in claim two was required to be raised on direct appeal and was not. Thus, the issue in claim two is procedurally defaulted but technically exhausted because Petitioner could not return to state court now to exhaust this claim under the state procedural rules. As a result, claim one would be unexhausted and claim two would be technically exhausted, resulting in a mixed petition.

Without reiterating the statute of limitations argument, Respondents will be required to file a brief addressing whether Petitioner's first post-conviction relief petition is pending in state court, and if yes, whether the Petition before this Court is a mixed Petition. *See generally Morgal v. Ryan*, No. CV-11-2552-PHX-NVW, 2013 WL 655122, at \*9 (D. Ariz. Jan. 18, 2013), *report and recommendation adopted,* No. CV-11-02552-PHX-NVW, 2013

WL 645960 (D. Ariz. Feb. 21, 2013).[1]

Based on the foregoing,

**IT IS ORDERED** that Respondents shall file a supplemental brief addressing the foregoing issue by March 20, 2019. Petitioner may respond to the supplemental brief by April 3, 2019.

Dated this 6th day of March, 2019.

James A. Teilborg
Senior United States District Judge

---

[1] The Court in *Morgal* stated:

> In their Objection to the Magistrate Judge's Order, Respondents acknowledge for the first time that Petitioner's timely notice of post-conviction relief could be significant in determining whether his post-conviction relief proceedings were "properly filed" under the applicable Arizona statute and procedural rule and thus could toll the AEDPA statute of limitations. (Doc. 19 at 7.) Respondents argue, without citation to authority, that even if the timely notice of post-conviction relief tolled the AEDPA limitations period, Petitioner's "failure to observe the state court's deadline of February 3, 2009, in which to file a petition for postconviction relief ceased any applicable tolling." (Doc. 19 at 7.)
>
> Apparently, Respondents are arguing that even if the notice of post-conviction relief tolled the statute of limitations, that tolling expired on the deadline for Petitioner to file his pro se petition. This argument is contrary to the Ninth Circuit case law recognizing that the filing of a notice of post-conviction relief initiates a post-conviction action in Arizona, the postconviction action is "pending" when the notice is filed in conformity with Rule 32.4(a), and statutory tolling begins on that date and continues "'until the application has achieved final resolution through the State's post-conviction procedures.'" *Hemmerle*, 495 F.3d 1074 (quoting *Carey v. Staffold*, 536 U.S. 214, 220 (2002)); *see also Isley*, 383 F.3d at 1055–56 (limitations period was not running while state court petition for relief was before the Arizona Supreme Court).