**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cemaludin Veseli, II,<br><br>Petitioner,<br><br>v.<br><br>Carla Hacker-Agnew, et al.,<br><br>Respondents. | No. CV-18-08029-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's petition for writ of habeas corpus ("Petition"). The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Petition be denied. (Doc. 10). Petitioner filed many documents in response to the R&R, including: objections (Doc. 15); a motion to appoint counsel (Doc. 15); a request for a certificate of appealability (Doc. 15); a motion to file an untimely reply to Respondents' response to the objections (Doc. 18); a lodged reply to the response to the objections (Doc. 19); a motion to amend the habeas petition (Doc. 21); and a lodged amended petition (Doc. 22). Respondents replied to the objections (Doc. 16); responded to the motion to file an untimely reply (Doc. 20); responded to the motion to amend (Doc. 23); and filed a supplemental brief at the Court's request (Doc. 26). Petitioner then responded to the supplemental brief. (Doc. 27).

**I.    Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that

the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made."). Accordingly, the Court will review the portions of the R&R to which Petitioner objected de novo.

## II. Appointment of Counsel

"There is no constitutional right to counsel on habeas." *Bonin v. Vasquez*, 999 F.2d 425 (9th Cir. 1993). Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 107 S.Ct. 1911 (1987); *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965), *cert. denied*, 382 U.S. 996 (1966).

The Court has discretion to appoint counsel when a judge "determines that the interests of justice so require." *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Here, the Court has reviewed the R&R and all of Petitioner's subsequent filings and

finds Petitioner is not likely to succeed on the merits and is capable of articulating his claims pro se. Accordingly, the motion for appointment of counsel is denied.

**III.     Motion to File Untimely Reply to Objections**

Petitioner argues Rule 72 does not bar him from filing a reply to the response to his objections (Doc. 24 at 1). He is mistaken. Rule 72 permits only objections and a response to the objections. Thus, by negative implication no further (indefinite) briefing is permitted. Petitioner further argue that Local Rule Civil 7.2(d) permits him to file a reply. (Doc. 24 at 1). Local Rule Civil 7.2(d) permits replies to motions, but objections are not motions. Thus, this Rule is inapposite. Accordingly, Petitioner's request to file an untimely reply (Doc. 18) is denied.

**IV.     Motion to Amend**

Petitioner, over a year after filing his habeas petition and almost 2 months after the R&R was filed, moved to amend his habeas petition. (Doc. 21). Local Rule Civil 15.1(a) requires that any motion to amend indicate in what respect it differs from the original pleading. This requirement is even more critical at this late stage in this case where an R&R on the merits of the Petition was already briefed. Petitioner failed to comply with this procedural requirement and the motion is denied for this reason.

Alternatively, on the merits, Petitioner summarized what claims he was seeking to add in his motion (Doc. 21). Assuming Petitioner correctly summarized what Petitioner seeks to add (which the Court has not undertaken to verify against the lodged proposed amended petition because Petitioner did not comply with Local Rule Civil 15.1(a)), the Court agrees with Respondents that these additional claims would be futile. (Doc. 23).

Specifically, Petitioner's claim of ineffective assistance of counsel premised on a lack of mental health evidence fails because under *State v. Jacobson*, 244 Ariz. 187, 192–93, ¶¶ 18–20 (App. 2017), any efforts by counsel in this regard would have been futile. (Doc. 23 at 4). Counsel's failure to take action that would have been futile can never be deficient performance. *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996). Thus, *Martinez v. Ryan*, 566 U.S. 1 (2012) would not excuse Petitioner's procedural default of this claim

because the claim is not substantial. (Doc. 23 at 4). Accordingly, alternatively, the Court denies the motion to amend on the merits because any amendment would be futile.

## V. Factual and Procedural History

> On September 9, 2013, a jury sitting in the Superior Court of Arizona in and for Coconino County convicted Petitioner of second degree murder, a class one felony. The trial court sentenced Petitioner to sixteen years in prison. The Arizona Court of Appeals affirmed Petitioner's convictions and sentences on January 29, 2015.
> In February 2015, Petitioner filed a Notice of Post-Conviction Relief ("PCR"). The trial court appointed PCR counsel, who could not find a colorable claim for relief. The trial court set September 28, 2015 as the deadline for Petitioner to file a pro se PCR Petition. Petitioner did not file a PCR Petition.
> On March 27, 2017, Petitioner filed a second PCR Notice. The trial court appointed counsel, who could not find a colorable claim. On July 24, 2017, Petitioner filed a pro se "Opening Brief" that the trial court construed as a PCR Petition. On November 30, 2017, the trial court denied Petitioner's PCR claims. Petitioner did not petition the Arizona Court of Appeals for further review.
> On February 15, 2018, Petitioner filed the Petition (Doc. 1) seeking federal habeas relief. Pursuant to the Court's April 18, 2018 Screening Order (Doc. 4), Respondents filed an Answer (Doc. 8), to which Petitioner has replied (Doc. 9).

(Doc. 10 at 1-2) (state court record citations omitted).

## VI. Statute of Limitations

In their answer, Respondents argue that the Petition in this case is barred by the statute of limitations.[1] (Doc. 10 at 2). Whether Respondents are correct turns on the question of when, if ever, the state court "concluded" its consideration of Petitioner's first post-conviction relief petition.

With respect to the statute of limitations issue, the R&R states:

> Here, Respondents state that Petitioner's first PCR Notice "tolled AEDPA's 1-year limitation period until the conclusion of the PCR proceeding." [footnote omitted] (Doc. 8 at 6). Respondents correctly recount that Petitioner failed to file a pro se PCR Petition by the September 28, 2015 deadline. (*Id*.). Yet the record does not reflect that the trial court issued an order dismissing the PCR proceeding. Respondents have not cited any state rule or case law providing that a PCR proceeding is automatically concluded if a defendant fails to file a PCR Petition by the applicable deadline.

(Doc. 10 at 3).[2]

---

[1] The R&R discussed the law governing the federal statute of limitations. (Doc. 10 at 2-3). Neither party objected to this recounting of the governing law and the Court hereby accepts it.

[2] The R&R ultimately concluded that this Court need not decide the statute of limitations

- 4 -

This Court ordered supplemental briefing on this issue. (Doc. 25). Respondents argue,

> … the fact that the court did not formally dismiss the proceeding is of no moment because there was simply nothing pending after the deadline expired. Although the court certainly could have issued an order formally dismissing the proceeding, the Arizona Rules of Criminal Procedure do not require this. *See* Ariz. R. Crim. P. 32.1, *et. seq*.

(Doc. 26 at 3).

This Court agrees with Respondents that whether the first post-conviction relief petition remained "pending" after Petitioner failed to timely file his pro se petition is a question of state law. However, this Court has not located, and Respondent has not cited, any state case deciding this issue one way or the other.

What the Court has located are many examples where the state court did in fact formally dismiss the post-conviction relief petition when a petitioner failed to file his pro se petition. *See e.g., Mongeon v. Ryan, No.* CV-14-08024-JAT-JZB, 2015 WL 4275255, at *2 (D. Ariz. June 8, 2015), *report and recommendation adopted*, No. CV-14-08024-PCT-JAT, 2015 WL 4313818 (D. Ariz. July 15, 2015).[3] In those cases, the Court started the statute of limitations running for purposes of filing the federal habeas petition on the date of formal dismissal, not the date a petitioner's deadline to file elapsed. *Id*. The Court assumes Respondent would now argue that calculation was in error.

The Court has located one court in Arizona that has tangentially addressed this issue and seemed to have rejected Respondents' argument.[4] *Morgal v. Ryan*, No. CV-11-2552-

---

issue. (Doc. 10 at 3).

[3] *See also Castillo v. Ryan*, No. CV-15-00288-TUC-JGZ-DTF, 2017 WL 2579057, at *1 (D. Ariz. May 4, 2017), *report and recommendation adopted,* No. CV-15-00288-TUC-JGZ, 2017 WL 2573186 (D. Ariz. June 14, 2017) (formally denying the post-conviction relief petition following petitioner's failure to file pro se); *King v. Ryan*, No. CV15-0265-PHX-NVW-ESW, 2016 WL 536654, at *1 (D. Ariz. Jan. 19, 2016), *report and recommendation adopted,* No. CV-15-00265-PHX-NVW-ESW, 2016 WL 524714 (D. Ariz. Feb. 10, 2016) (same); *Pickens v. Schriro*, No. CV-08-1087-PHX-ROS, 2009 WL 2870219, at *1 (D. Ariz. Sept. 3, 2009) (same). As far as the Court can determine, it is common practice for the state court to formally deny the petition for post-conviction relief if no pro se petition is filed. However, that practice does not mean Respondents are wrong that the state court's failure to do so would mean the petition remains pending.

[4] The Court cited this case in the request for supplemental briefing, but neither party addressed it. *See* (Docs. 26 and 27).

PHX-NVW, 2013 WL 655122, at *9 (D. Ariz. Jan. 18, 2013), *report and recommendation adopted,* No. CV-11-02552-PHX-NVW, 2013 WL 645960 (D. Ariz. Feb. 21, 2013). The court in *Morgal* stated,

> Apparently, Respondents are arguing that even if the notice of post-conviction relief tolled the statute of limitations, that tolling expired on the deadline for Petitioner to file his pro se petition. This argument is contrary to the Ninth Circuit case law recognizing that the filing of a notice of post-conviction relief initiates a post-conviction action in Arizona, the postconviction action is "pending" when the notice is filed in conformity with Rule 32.4(a), and statutory tolling begins on that date and continues "'until the application has achieved final resolution through the State's post-conviction procedures.'" *Hemmerle*, 495 F.3d 1074 (quoting *Carey v. Staffold*, 536 U.S. 214, 220 (2002)); *see also Isley*, 383 F.3d at 1055–56 (limitations period was not running while state court petition for relief was before the Arizona Supreme Court).

*Id.*

Thus, the *Morgal* court implied that a petitioner's failure to file his pro se brief did not cause the case to not be "pending," as Respondents now argue, because the case had not reached final resolution. If this Court accepts this conclusion, Petitioner's first post-conviction relief petition remains pending in state court through today. *See* (Doc. 27 at 1 (noting that the first post-conviction relief petition still has not been formally dismissed)).

On these facts, the Court finds the first post-conviction relief petition remains pending for habeas statute of limitations purposes. In other words, this Court agrees with the court in *Morgal* that because *Isley* holds that the filing of the "notice" (rather than the petition) is what "starts" the process, the petition remains pending until the Court takes action on the notice. Thus, because Petitioner's timely filed, first petition for post-conviction relief remains pending in state court, the habeas petition in this case is not barred by the statute of limitations.

Turning to Petitioner's objections, Petitioner appears to argue that because there was no ruling on his "notice" of post-conviction relief, the State has waived any application of the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See* (Doc. 15; Doc. 27). This objection is overruled for two reasons. First, the law does not support Petitioner's argument. Second, Petitioner's situation is largely of his own making. He failed to timely file his first post-conviction relief petition, and to this date has still never filed. Further,

Petitioner has never returned to state court to seek a ruling on his "notice." Petitioner cannot circumvent the AEDPA by failing to follow state court orders and rules.

**VI.     Procedural Default**

Alternative to their statute of limitations argument, Respondents argue that the two grounds in Petitioner's Petition are procedurally defaulted without excuse; therefore, relief should be denied. (Doc. 26 at 5-6). The R&R reached the same conclusion. (Doc. 10 at 4-11). The R&R recounted the law of exhaustion and procedural default. (Doc. 10 at 4-6). Neither party objected to this statement of the law, and the Court hereby accepts it.[5]

**A.     Ground One**

Ground One is Petitioner's claim of ineffective assistance of counsel. (Doc. 10 at 6). Petitioner presented this claim to the state court in his second post-conviction relief petition. (*Id.*). The state court denied this claim because it was barred by Arizona Rule of Criminal Procedure 32.4(a). (*Id.*). The R&R concluded that this state rule is adequate and independent of federal law. (*Id.* at 6-7). Thus, this claim is procedurally defaulted. (*Id.* at 10).

The R&R also discussed that Petitioner did not establish cause to overcome this default. (*Id.*). Finally, the R&R concluded that the *Schlup* gateway around procedural default does not apply in this case. (*Id.* at 10-11). Thus, the R&R concludes that Ground One is procedurally defaulted without excuse and should be denied on this basis.

In his objections, Petitioner argues that his procedural default of this claim should be excused by his lack of access to legal materials. (Doc. 15 at 2-3). Petitioner has failed to show how his alleged lack of access to legal materials caused him to not timely file his first post-conviction relief petition within the deadline set by the state court. Therefore, Petitioner has not shown that, even assuming he did not have access to materials,[6] such

---
[5] As discussed above, Petitioner objected to the application of the AEDPA in this case, but the Court has overruled that objection. Petitioner did not object to the R&R's summary of the law under the AEDPA.

[6] As indicated, the Court has assumed for purposes of this Order that Petitioner is factually correct that he did not have access to some materials. However, the Court notes that in the objections, for example, Petitioner claims that he did not have a copy of the Prison Litigation Reform Act. The Court cannot see how this, and other materials referenced

- 7 -

lack of access would be cause to excuse his procedural default. *See generally Tarver v. Washington*, 279 F. App'x 505, 506 (9th Cir. 2008). Accordingly, Petitioner's objection is overruled.[7]

### B. Ground Two

In Ground Two Petitioner argues that the trial court gave an improper jury instruction. (Doc. 10 at 7). The R&R notes that Petitioner did not present this claim in state court as an issue of federal law; thus, it is unexhausted. (*Id.* at 7-9). For purposes of his habeas petition, Petitioner re-casts this claim as a due process violation. (*Id.* at 7).

The R&R concludes that under the state court procedural rules, Petitioner could not now return to state court to present this claim under federal law; thus, it is procedurally defaulted. (*Id.* at 9). The R&R also concludes that Petitioner did not establish cause to overcome this default. (*Id.* at 10). Finally, the R&R concludes that the *Schlup* gateway around procedural default does not apply in this case. (*Id.* at 10-11). Thus, the R&R concludes that Ground Two is procedurally defaulted without excuse and should be denied on this basis.

Petitioner objects and re-urges the same objections discussed above; namely: 1) that his convictions fall outside the AEDPA; and 2) that he did not have access to sufficient legal materials to comply with the AEPDA. (Doc. 15 at 3-4). For the reasons stated above, both of these objections are overruled.

---

(Doc. 15 at 2-3), would be relevant to Petitioner timely bringing his claims in state court, particularly by filing his first pro se petition for post-conviction relief within the time set by the state court. The Court further notes that Petitioner seemed to have no difficulty filing his pro se petition within the time set by the state court on his second post-conviction relief petition.

[7] The Court asked the parties to brief whether, if Petitioner's first post-conviction relief petition was still pending in state court, the habeas petition in this case was a mixed petition. (Doc. 25). Respondent filed a supplemental brief arguing that Ground One is procedurally defaulted because, although it was raised in the second post-conviction relief petition, it was barred by the Arizona rules. (Doc. 26 at5). This Court agrees that because Petitioner actually raised this claim in his second post-conviction relief petition, there would be no opportunity for him to return to state court and attempt to exhaust this claim in his still-pending first post-conviction relief petition. Therefore, because there is no opportunity under the state rules for Petitioner to return to state court to exhaust Ground One, the Court finds this is not a mixed petition.

### VII. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the motion to appoint counsel (part of Doc. 15) is denied.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Untimely Reply (Doc. 18) is denied. The Reply lodged at Doc. 19 shall not be filed.

**IT IS FURTHER ORDERED** that the Motion to Amend Petition for Writ of Habeas Corpus (Doc. 21) is denied. The Amended Petition lodged at Doc. 22 shall not be filed.

**IT IS FURTHER ORDERED** that the R&R (Doc. 10) is accepted and adopted; the objections (Doc. 15) are overruled, the Petition is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FINALLY ORDERED** that the request for a Certificate of Appealability (part of Doc. 15) is denied because dismissal of the Petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 17th day of April, 2019.

James A. Teilborg
Senior United States District Judge